UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ANGEL ALIRIO ALMENDARES, TEODOSIO
LINARES, individually and on behalf of others
similarly situated,

                 Plaintiffs,           **MEMORANDUM & ORDER**
                                                                    13-CV-3413 (MKB)
        v.

OEG FRUIT AND VEGETABLE and JOHN
DOE,

                 Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Angel Alirio Almendares commenced this purported class and collective action against Defendant OEG Fruit and Vegetable and an unknown defendant, John Doe, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law §§ 198 and 663. (Docket Entry No. 1.) On September 6, 2013, Plaintiff amended the Complaint, adding Teodosio Linares as a Plaintiff. (Docket Entry No. 10.) On January 30, 2013, the parties submitted a joint application seeking approval of their settlement agreement. (Docket Entry No. 13.) By Report and Recommendation issued on April 8, 2014, Magistrate Judge Marilyn D. Go recommended that the Court approve the settlement agreement. For the reasons set forth below, the Court adopts the Report and Recommendation and approves the settlement agreement.

## I. Background

### a. Facts[1]

As alleged in the Complaint, Almendares and Linares were employees of the Defendants "in the produce and groceries sections." (Am. Compl. ¶¶ 4–5.) Almendares was employed by Defendants from August 2010 to July 2012 and Linares was employed by Defendants from December 2007 to August 2011. (*Id.*) Plaintiffs' duties included "stocking grocery shelves, loading and unloading trucks, cleaning grocery aisles and shelves, packing food, bagging groceries, and/or working with produce, meats and dairy goods." (*Id*. ¶ 6.) Plaintiffs "generally worked 72 hours a workweek without being paid one and one-half times the hourly wage for hours in excess of 40." (*Id*. ¶¶ 18–19.) Plaintiffs also worked "[o]n most days . . . more than ten hours in one day, but [were] not paid one hour of bonus pay at the minimum wage rate for each day [they] worked more than ten hours." (*Id*.) Almendares was paid at "effectively $5.56 per hour," and Linares was paid at "effectively $6.92 per hour." (*Id*.)

Plaintiffs allege that Defendants violated Sections 6 and 7 of the FLSA, 29 U.S.C §§ 206, 207 by "failing to pay [P]laintiffs the minimum wage for each hour they worked" and "failing to pay [P]laintiffs at one-and-one-half times their regular rate of pay for each hour they worked in excess of 40 during a workweek." (*Id*. ¶¶ 23–24.) Plaintiffs further allege that, pursuant to New York Labor Law §§ 198, 663, Defendants are liable "in the amount of compensation they were entitled to . . . but, were, in fact, not paid, plus liquidated damages equal to 100 percent of the total amount of the wages found to be due." (*Id*. ¶ 25.)

---

[1] For the purposes of this decision, the facts alleged in the Amended Complaint are assumed to be true.

### b. Joint motion for settlement approval

On January 24, 2014, the parties filed a joint motion for approval of the proposed settlement agreement reached between the parties. (Joint Application for Approval of Settlement Agreement, Docket Entry No. 13.) The parties indicated that the "material terms of the agreement reached by the parties are payment of $10,000 and mutual releases of all claims through the date of the agreement." (*Id.* at 1.) The parties further advised the Court of certain factors which led to the proffered settlement amount. First, Defendants believed, in conflict with the Amended Complaint, that Almendares only worked for OEG Fruit and Vegetable for "less than a month." (*Id*. at 2.) Defendants allegedly "maintained employment records" which rebut Plaintiffs' allegations regarding the duration of employment and hours worked by Almendares. (*Id*.) The parties further advised that "a review of this Court's docket revealed that Mr. Almendares is a plaintiff in two other similar actions against other employers that allege dates of employment that overlap with this action." (*Id*.) Accordingly, Defendants calculated the total damages owed to Almendares would be less than $1,000, including any liquidated damages. (*Id*.) Regarding Linares' claims, Defendants "estimated that the maximum damages for wage and hour claims" by Linares "would not exceed $20,000." (*Id*.) However, Defendants advised Plaintiffs that OEG Fruit and Vegetable was considering filing a separate civil action against Linares for "various intentional tort claims" for his alleged involvement in trespassing, and threatening and causing physical harm to individuals at the store. (*Id*.) Additionally, Defendants claim that OEG Fruit and Vegetable is a "much smaller business and operation than alleged" in the Amended Complaint and that it "would not be able to afford both protracted litigation and potential settlement at a later time." (*Id*.)

Based on these factors, the parties agreed to a total settlement of $10,000 with mutual releases. The parties concluded that this settlement is fair in light of (1) "the cost of litigation that may be borne by the parties to resolve certain claims through litigation; (2) [the fact that] Plaintiffs face some risk in establishing their claims, and (3) the value of a full release of any potential claims against Plaintiff Linares." (*Id*. at 3.)

On January 31, 2014, the Court referred the motion for settlement approval to Judge Go for a report and recommendation. (Order Referring Motion dated January 1, 2013.) On March 18, 2014, after conducting a hearing regarding the proposed settlement agreement, Judge Go concluded that "the proposed settlement is fair and reasonable under the circumstances, contingent on several revisions discussed regarding the scope of the release and allocation of settlement proceeds." (Minute Entry dated March 18, 2014.) Accordingly, Judge Go ordered that the parties submit a revised settlement agreement. (*Id*.) On March 31, 2014, the parties filed the revised settlement agreement. (Docket Entry No. 15.)

**c. Report and Recommendation**

On April 8, 2014, Judge Go issued a Report & Recommendation ("R&R"), recommending that the Court approve the revised settlement agreement. (Docket Entry No. 16.) Judge Go found that the agreement is fair and reasonable in light of the issues identified in the joint motion — namely, the risk that Alemendares may not be able to establish liability for most of the claimed time period of employment, the fact that Defendants are considering their own separate civil action against Linares, and the risk that Defendants "would not be able to pay after a protracted litigation." (R&R 3.) The parties have not submitted any objections to the R&R.

4

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Go's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

**III. Conclusion**

For the foregoing reasons, the Court adopts Judge Go's Report and Recommendation and approves the parties' revised settlement agreement. The Clerk of the Court is directed to close this case.

SO ORDERED:

    s/MKB
MARGO K. BRODIE
United States District Judge

Dated: June 5, 2014
       Brooklyn, New York